JUNEAU, Respondent, vs. WISCONSIN TAX COMMISSION
and others, Appellants.

*May 6—October 14, 1924.*

*Constitutional law: Determination of moot questions: Publicity of
income-tax returns.*

1. Under sec. 2595, Stats., courts will not consider or determine
moot questions; therefore, where there was no evidence that
plaintiff was or would be injured by permitting an inspection
of his income-tax returns "by any person," as provided by
ch. 39 of the Laws of 1923, which repealed sec. 71.20, Stats.
1921, the court will not pass on the constitutionality of the
statute, plaintiff's remedy being to raise the question when
information is demanded.　p. 488.

2. Since the repeal of sec. 71.20, Stats. 1921, every person may
examine income-tax records on file, the words "any person,"
as used in sec. 18.01, including "every person."　p. 488.

3. Matters relating to the policy of the statutes are for the con-
sideration of the legislature and not for the courts.　p. 491.

[4. The constitutionality of the act by which income-tax returns
may be inspected and copied by all persons having any inter-
est therein, under rules and regulations adopted by the cus-
todians of such documents, is not passed upon.]　p. 491.

APPEAL from a judgment of the circuit court for Dane
county: EDGAR V. WERNER, Judge. *Reversed.*

. From the judgment restraining the *Tax Commission*
from divulging and making known to any person any in-
formation obtained by them in the discharge of their duties,
and further enjoining them from permitting any ·person to
examine the return of income or copy thereof relating
thereto, except as provided by law, lawful officers of the
state of Wisconsin and United States, and containing fur-
ther exceptions not material here, the defendants appeal.

For the appellants there was a brief by the *Attorney Gen-
eral* and *J. E. Messerschmidt,* assistant attorney general, and
oral argument by *Mr. Messerschmidt.*

For the respondent there was a brief by *Trottman &
Trottman* of Milwaukee, and oral argument by *Nelson
Trottman.*

The following opinion was filed June 3, 1924:

ROSENBERRY, J.    In this case an attempt was made to raise the question as to whether or not a return made by a taxpayer in response to the requirements of the *Tax Commission,* adopted pursuant to law, is open to inspection as a public record.    There was a complaint in which the formal matters were set out.    It was alleged that the plaintiff had for many years past filed each year a report of his income, and, as amended, the complaint alleges upon information and belief that such returns were being examined by persons for personal and private motives and for the purpose of securing private information which would be impossible for such persons to obtain otherwise; that the information contained in such returns consisted of detailed statements concerning the business and affairs of the plaintiff, and that the plaintiff fears that, by reason of the practice of permitting examination of his returns of income, competitors and other persons will be enabled to secure information concerning private transactions, which if so secured may injure plaintiff in his credit.    There was an answer in which the facts set forth in the complaint were denied, except those relating to the official character of the defendants and other formal matters of somewhat similar character.    There was a trial.    One of the members of the *Tax Commission* was sworn and testified generally as to the nature of returns made by individuals and corporations.    The returns made by the plaintiff covering the years 1920, 1921, and 1922 were offered in evidence; also a message addressed by the governor of the state of Wisconsin to the legislature, and there was no other or further evidence offered or received. Upon this basis elaborate findings were made and filed, the eleventh of which is as follows:

"That returns of income of said plaintiff and other persons similarly situated, and papers, books, and other docu-

Juneau v. Wisconsin Tax Commission, 184 Wis. 485.

ments filed in connection with the assessment and collection of taxes upon incomes, contain private and confidential information furnished by said plaintiff and said other persons similarly situated, for use solely in connection with income-tax assessment; that such information, if published, would enable unauthorized persons to secure private and confidential information concerning the business and affairs of the plaintiff and other persons similarly situated; and that the unrestricted disclosure of such private and confidential information to any and all persons applying, for purely private purposes, will not benefit the state in the enforcement of the revenue laws of the state, nor assist defendants, as officers of the state, in the assessment and collection of taxes."

The court further found as conclusions of law that the practice of the defendants in permitting the unrestricted examination by private persons for private purposes of returns of income, and papers, books, and documents filed with them for use in connection with the assessment of taxes upon incomes, constitutes an abridgment of the privileges and immunities of taxpayers of said state; and constitutes an abridgment of the privileges and immunities of the plaintiff herein, contrary to sec. 1, art. XIV, of the amendments to the constitution of the United States; that it also constitutes a deprivation of property by the state without due process of law and is contrary to the provisions of sec. 1, art. XIV, of the amendments to the constitution of the United States; that it also denies equal protection of the laws to the taxpayers of the state; and also constitutes a denial of the inherent rights of liberty and the pursuit of happiness, and

. "That the plaintiff has the right to have his private business and affairs, transactions, and enterprises, and information concerning the same, protected from unrestricted disclosure for private purposes, and that such right is a right of property."

Many of the so-called findings of fact are mere inferences and conclusions unsupported by any evidence.

The question sought to be raised in this action may be briefly stated as follows: The plaintiff made a return of his income covering the years 1920, 1921, and 1922. At that time there was in force sec. 71.20 of the Statutes, which prohibited the taxing officers from divulging or making known to any person, in any manner whatsoever, any information coming to them in the course of the discharge of the duties of their office or contained in any income return or paper or book seen or examined by the officers except as provided by law. Ch. 39 of the Laws of 1923 repealed sec. 71.20, and thereupon, the income returns being a public record, sec. 18.01 became applicable to the *Tax Commission* and other taxing officers. This section provides that any person may with proper care, during office hours and subject to such orders and regulations as the custodian thereof may prescribe, examine or copy any public record. Are the constitutional rights of the plaintiff invaded by the repeal of sec. 71.20, the returns having been made under a statute making them secret? That the words "any person" used in sec. 18.01 include every person, and that every person may therefore examine such records, including income-tax returns, since the repeal of sec. 71.20, seems clear. *Hanson v. Eichstaedt,* 69 Wis. 538, 35 N. W. 30.

The question attempted to be raised here is of very great importance. It is argued that sec. 18.01, by virtue of which the legal custodian is required to make accessible to every one applying under proper condition and in accordance with any regulation if such be adopted, all property and things required by law to be filed, deposited, or kept in his office, or which are in his lawful possession or under the control of himself or his deputies, should be declared invalid so far as applicable to returns of income made by taxpayers, and any information acquired by the taxing officials in the course of the discharge of their official duties. There is not the slightest evidence in the case that the plaintiff has suffered

or will suffer from such inspection of the returns made by him as may be permitted by the officers having charge thereof. It is not shown that any right of the plaintiff in this action has been invaded or that he has sustained any wrong or injury.

Civil actions can be maintained only for the purpose of enforcing rights or redressing wrongs. Sec. 2595, Stats. Courts will not consider or decide moot questions. No injury to the plaintiff is shown. It cannot be assumed that income-tax returns, even if it be shown that they infringe constitutional limitations as to one taxpayer, will so operate as to all taxpayers. Many persons have no income but that derived from their salary as public officials—certainly no harm can be done them. While we resent intrusion into our private affairs, there is no presumption that the giving of such information as is necessary to enable the taxing authorities to make a lawful assessment will result in injury. The attempt to rush to the courts and secure broad, far-reaching declarations upon questions of the gravest import where no right of the plaintiff has been invaded is wholly without warrant in law and will not be encouraged by this court.

This situation cannot be better characterized than by the language of the supreme court of the United States in *Liverpool, N. Y. & P. S. Co. v. Comm'rs of Emigration*, 113 U. S. 33 (5 Sup. Ct. 352), at p. 39:

"If, on the other hand, we should assume the plaintiff's case to be within the terms of the statute, we should have to deal with it purely as an hypothesis, and pass upon the constitutionality of an act of Congress as an abstract question. That is not the mode in which this court is accustomed or willing to consider such questions. It has no jurisdiction to pronounce any statute, either of a state or of the United States, void because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies. In the exercise of that juris-

diction it is bound by two rules, to which it has rigidly adhered: one, never to anticipate a question of constitutional law in advance of the necessity of deciding it; the other never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. These rules are safe guides to sound judgment. It is the dictate of wisdom to follow them closely and carefully."

In *Chicago & G. T. R. Co. v. Wellman*, 143 U. S. 339 (12 Sup. Ct. 400), at p. 345 it was said:

"Whenever, in pursuance of an honest and actual antagonistic assertion of rights by one individual against another, there is presented a question involving the validity of any act of any legislature, state or federal, and the decision necessarily rests on the competency of the legislature to so enact, the court must, in the exercise of its solemn duties, determine whether the act be constitutional or not; but such an exercise of power is the ultimate and supreme function of courts. It is legitimate only in the last resort and as a necessity in the determination of real, earnest, and vital controversy between individuals. It never was the thought that, by means of a friendly suit, a party beaten in the legislature could transfer to the courts an inquiry as to the constitutionality of the legislative act."

See, also, *Atherton Mills v. Johnston*, 259 U. S. 13, 42 Sup. Ct. 422.

The plaintiff made the returns for the years stated relying upon the provisions of sec. 71.20. If information had been exacted from him under the seal of secrecy which the state was not entitled to have, or, if entitled to have it, only entitled to have it under a provision making the returns confidential, and the plaintiff had sustained or was about to sustain some injury, the question of his right to judicial relief would present a *bona fide* controversy. There is nothing in the evidence here which shows that the plaintiff has in the past or will in the future sustain any such injury. The case therefore falls within the doctrine of the cases above cited, and we shall for the reasons there stated refuse

to consider the constitutionality of the act by which income-tax returns with all other public records may be inspected and copied by all persons having any interest therein under the rules and regulations adopted by the proper custodians of such documents. It is true that the findings present such a question, but there is no evidence to sustain them. An inspection of the returns made by the plaintiff shows that they relate to the amounts received on the sale of real estate and the amount paid for the real estate and discloses the amount properly chargeable to income by reason thereof. They relate to closed transactions. There surely is nothing discreditable in making a profit on a real-estate deal. Nor can the disclosures in any way affect the future business or operations of the plaintiff. There may be profound questions of public policy involved, but matters relating to the policy of the statute are for the consideration of the legislature and not the courts, as we have pointed out many times.

If the *Tax Commission* requires the giving of information which it is not entitled to have, or, if entitled to have it, is only entitled to have it under the seal of secrecy, the proper time to raise that question is when the information is demanded.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the plaintiff's complaint.

A motion for a rehearing was denied, without costs, on October 14, 1924.