WILL OF KELLY: GESELL and another, Executors, Appellants, vs. CURTIS, Public Administrator, Respondent.

*May 12—June 22, 1925.*

*Taxation: Inheritance taxes: Taxes assessed on lands without the state: Deduction from gross value of estate: Evidence: Judicial notice: Laws of sister state.*

1. Inheritance taxes are not taxes upon property but upon the, right to receive the property.  p. 423.
2. This court will take judicial notice of the statutes of sister states.  p. 424.
3. Taxes upon land in a sister state which had not become due before the death of the owner are not deductible as a debt from the gross value of the estate before computing the inheritance tax, under sec. 72.01, Stats.  [Whether such taxes would be deducted if the lands were situated in Wisconsin, not decided.]  p. 424.

APPEAL from an order of the county court of Lincoln county: M. C. PORTER, Judge.  *Affirmed.*

For the appellants the cause was submitted on the brief of *G. M. Sheldon* of Tomahawk, attorney, and *Philip F. La Follette* of Madison, of counsel.

For the respondent there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

JONES, J.   This is an appeal from an order adjudging the inheritance tax payable by the estate of Marie H. Kelly, deceased.   The sole question is whether the taxes on certain lands situated in the states of Washington and Oregon · should have been deducted from the gross value of the estate before the inheritance tax was computed.   The deceased died on November 28, 1923.   The taxes, amounting to $3,732.27, on the land in Oregon were levied in December, 1923, and were payable on or before forty-five days prior to April 5, 1924, the first half of the tax becoming delinquent, if not paid, upon April 5, 1924, and the remainder, if not paid, on October 5, 1924.   The taxes on the land situated in Washington, amounting to $16, were levied in October, 1923, payable the first Monday in February, 1924, and the first half of the tax so levied becoming delinquent, if not paid, upon May 31, 1924, and the remainder on November 30, 1924.   The court held that the taxes did not constitute such a debt or expense as to be deductible from the gross value of the estate before the inheritance tax was computed.

According to sec. 72.01 of the Statutes the basis of the tax is as follows: "The tax so imposed shall be upon the clear market value of such property at the rates hereinafter prescribed, and only upon the excess of the exemptions hereinafter granted."   It is well settled that inheritance taxes are not taxes upon property but upon the right to receive the property. *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627.   Although the amount of the tax is determined from the clear market value of the property at the time of the death· and only upon the excess of the exemptions, there is no express language in the statute authorizing the deduction of amounts paid for taxes on land in another state which had not become due before the death.   It is very clear that under

the statutes of Oregon and Washington, of which we take judicial notice, the taxes in question were not due until months after the transfer caused by the death of Marie H. Kelly. The warrants were not issued to the collectors in either state until some months after the transfer caused by the death. No action could have been brought against Mrs. Kelly in either state during her lifetime for the taxes which had been assessed upon the lands. Under the statutes of both states, if she had sold the lands during her lifetime the taxes would have been a charge to be paid by the grantee and not by her or her estate.

The respective counsel evidently did not think it necessary to discuss at any length the great number of sections relating to taxation in the statutes of Oregon and Washington and they have referred to only a few. Although our attention has not been confined to those sections, we do not think it necessary to discuss at length the many sections of the statutes of these states which might have some bearing on the question here involved. It is our view that the trial court correctly held that the amount of the taxes paid was not a debt and should not be deducted in the computation of the inheritance tax. Our statute imposes no inheritance tax upon the transfer of real estate situated in other states. In Oregon and Washington the statutes provide for inheritance taxes on the transfer of real estate in those states owned by nonresidents at the time of death and for ancillary administration of such estates. It would seem, therefore, that the transfer of the real estate of Mrs. Kelly situated in Oregon and Washington was subject to taxation in those states, and since there is no tax imposed by the law of this state upon such transfer there should be no deduction of the taxes in question from the estate which is here subject to inheritance taxation. In the briefs there is some discussion of the question whether the deduction should have been made if the land had been within this state. But that question is not here involved and is not decided.

*By the Court.*—Order affirmed.