MILWAUKEE COUNTY and another, Petitioners, vs. CITY OF MILWAUKEE and others, Respondents.

*January 14—January 27, 1933.*

The cause was submitted for the petitioners on the brief of *William A. Zabel,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* corporation counsel (signed also by *James E. Finnegan,* attorney general, and *Fred C. Seibold,* assistant attorney general, as *amici curiæ*), and for the respondents on that of *Max Raskin,* city attorney of Milwaukee, *Cyrus Thieme,* city attorney of South Milwaukee, *George Gabel,* village attorney of Whitefish Bay, and *Lawrence Conlan* of Milwaukee, attorney for *T. V. Mueller,* attorneys, and *K. K. Kennan* of Milwaukee of counsel.

FOWLER, J. Milwaukee county and its treasurer, Patrick McManus, naming as defendants the city of Milwaukee, city of South Milwaukee, village of Whitefish Bay, and T. V. Mueller, pursuant to leave granted by the court, bring this original action for declaratory relief respecting the sale of

lands for delinquent taxes levied in the year 1931. The material facts alleged in the petition and undisputed or stipulated by the parties are summarized as follows:

Sec. 74.39, Stats., in terms provides that county treasurers should commence the sale of lands for delinquent taxes levied thereon in 1931 on June 14, 1932, and "continue the same from day to day." The county treasurer had duly published the notice and advertisement of sale requisite to give jurisdiction to conduct the sale. On June 11, 1932, Governor Philip F. LaFollette, moved thereto by the unusual and great number of delinquent real-estate taxes existing and the general economic condition prevailing throughout the state, issued an executive proclamation requesting that county treasurers commence the sale of land for delinquent taxes as prescribed by the statute, but to sell only one tract each day, and in making the daily sale to select a tract in which the county held a prior tax-sale certificate; that after making such single sale, adjournment of the sale to the following day should be made and entered of record; and that they refrain from making other than such single daily sales until after October 15, 1932.

The county treasurer complied with this request. On October 10, 1932, the governor issued another proclamation requesting the county treasurers that the procedure suggested in his first proclamation be continued until February 1, 1933. This request was also complied with by the county treasurer with the single exception that on November 21, 1932, he offered for sale at public auction a parcel of land on which the county did not hold a tax-sale certificate, which tract was bid in by and sold to the defendant T. V. Mueller, who on December 2, 1932, filed with the county board a petition for a refund of the money paid by him to the county on such sale under sec. 75.22, Stats., on the ground that the sale to him was illegal and void because there was no authority in law for conducting the sale on the day of the sale.

The petition further states that the county treasurer proposes to continue the tax sales according to said practice until February 1, 1933, and then to commence the practice of selling each day as many tracts as practicable and to continue such practice until all lands within the county have been sold upon which the 1931 tax remains delinquent, unless it be held by a court of competent jurisdiction that such sales cannot be legally conducted as contemplated. The defendant municipalities are selected as typical of all other municipalities within the county and made parties as interested in the matters submitted for determination because the several municipalities have been credited with the amount of the delinquent taxes returned by their local tax collectors, and are subject to having the amounts so returned charged back against them in three years except as the lands located therein sold for delinquent taxes may theretofore be redeemed from tax sale.

The petitioners ask that the court declare whether the county treasurer may legally proceed on February 1st with the tax sales as proposed. Requests for other specific declarations are made which will be stated so far as it is deemed necessary to comply with them.

The governor in his first proclamation expressly based his request to the county treasurers on a decision of this court made in 1874, the opinion in which was written by Mr. Chief Justice RYAN, *Wood v. Meyer*, 36 Wis. 308. This was a case in ejectment. The plaintiff claimed under a tax deed. The defendant claimed the tax deed was void because the tax sale on which it was based was not made on a day on which the sale was authorized by law. The sale was made June 9, 1857. The statute then in force (R. S. 1849, ch. 15, sec. 86) fixed the sale of land for delinquent taxes as to commence on the second Tuesday in April. It was the same as the present statute in all material respects, except that the present

statute, sec. 74.33, fixes the time of commencement as the second Tuesday in June. The court held that the sale was made upon a proper day, saying:

"To hold the deed void on the ground alleged, we must find that the day of sale was, *ex necessitate legis,* a day on which the sale could not properly take place. This we cannot do. Under the statutes, the sale should have begun on the second Tuesday of April, and, if unfinished on that day, have been continued on the next succeeding days, till completed. But, so that the sale began on the first day named, and was continued from day to day on the succeeding days, the statute does not require that it should have been continued for any given time on each day. It is the habit, in some counties, to protract the sale by disposing of a single parcel or so on each day. This is not forbidden, and is a compliance with the statute. And we cannot say, judicially, that the sale in question may not have legally continued from the second Tuesday in April to the 9th day of June."

The statute as thus construed authorized the continuance of the sale of lands for delinquent taxes during an extended period by making a single sale each day and then adjourning the sale to the day following, and adjudged a sale made on any of the days through which the sale continued to be valid. The statute says nothing as to when the sale must be completed. As it authorizes continuances from day to day by a single sale each day from April until June, no reason is perceived why it does not authorize such continuances to February 1st of the following year.

A decision construing a statute becomes an integral part of the statute itself. *Gulf, C. & S. F. R. Co. v. Moser,* 275 U. S. 133, 48 Sup. Ct. 49. When a statute has been once construed by the court, it remains as construed until it is amended by the legislature or the construction given is modified or changed by the court. The statute under consideration has never been amended by the legislature since it was construed by the court, nor has the court ever in any way

modified or limited the construction given. Thus when the county treasurer adopted the practice stated, the practice was authorized by the statute, and his proposed practice is authorized by the statute. The legislature by not amending the statute has accepted the statute with the court's construction incorporated therein. *Manley v. Mayer,* 68 Kan. 377, 379, 380, 75 Pac. 550. Assuming that the court has power to modify or limit its former construction, and thus, in effect, amend the statute, we consider that if a change in the statute should be made the change should be made by the legislature by amendment of the statute rather than by the court's overruling the construction heretofore given. It may well be that sec. 74.39, Stats., as construed by the court in the *Wood Case,* gives power and discretion to county treasurers unduly to protract the sale of land for delinquent taxes, and that there should be inserted therein a provision to the effect that the sale shall proceed with all convenient speed from day to day until all lands shall be sold upon which taxes remain delinquent. But the legislature has acquiesced for nearly sixty years in the meaning of the statute as construed by the court, and it is for it, rather than for the court, to insert such a provision if it sees fit. Public officers had a right to rely upon the interpretation placed upon the statute by the court and acquiesced in by the legislature. Assuming that the court has the power to reverse its former ruling, it should not exercise it under the circumstances because it would unsettle governmental transactions now in process of being carried out entered upon in reliance upon it. Such change by the court could in no wise improve the situation. It could only make matters worse.

We are of opinion that sec. 74.39, Stats., as construed by the court in the *Wood Case,* authorizes the action and the proposed action of the county treasurer and validates the continuances of the sale of lands for delinquent taxes made according to the practice stated.

The petitioners request a declaration whether, if the sale may be made as proposed, readvertisement of the tax sales should be made and, if made, how the expense thereof should be met. Sec. 74.33, Stats., provides when and the manner in which sales of land for delinquent taxes shall be advertised. That statute was strictly complied with. That advertisement conferred jurisdiction to conduct the sale. No other advertisement or publication of notice is provided for by the statute, and any other if made could not confer any additional power or jurisdiction. The cost or any part of the cost of any further advertisement or publication of notice, if any be made, could not be charged up against the property owner, as there is no statutory authority for any notice or advertisement other than the one already made. Sec. 74.33. We see no occasion for further statement upon this point.

We are requested to declare whether the defendant Mueller is entitled to recover the amount paid by him to the county on the sale of the parcel sold to him on November 2d. We cannot, of course, presume to pass upon the validity of the sale as between him and the property owner, as the property owner is not a party to this action, but it is obvious from what we have above said that Mr. Mueller has not shown the sale to him to be invalid, and is therefore not entitled to a refund under sec. 75.22.

We are asked to declare whether the selection each day by the county treasurer of the parcel on which the county held a previous tax-sale certificate invalidated his individual sales and whether this practice conformed to the provisions of secs. 74.33 to 74.39, Stats., inclusive. We discover nothing in the statutes prescribing the order in which the parcels shall be sold, or governing the selection of the parcel or parcels to be sold upon any day during which the sale progresses. The selection by the county treasurer of the parcel to be sold each day during the progress of the sale did

not violate any provision of the statute. It did not therefore produce any non-conformity with the statutes. Nor did it of itself operate to invalidate any individual sale or to deprive the treasurer of the power to continue the sale from day to day. We cannot assume to determine the validity of any individual sale as between the purchaser and the landowner, as neither is before us.

We are asked, in case we declare the continuance of the sale legal, to declare the date which the several tax certificates shall bear and the date from which interest shall be computed. This is not a subject for declaratory relief. It is obvious, however, that each certificate should bear date and recite the date of sale according to the fact. Sec. 74.46, Stats. Interest should be computed from January 1, 1932, the date from which it would have been collected had the sale been concluded as soon as might have been after June 14, 1932.

Under the Declaratory Judgments Act, sec. 269.56, courts have power to declare rights, status, and other legal relations and in the making of such declarations to construe deeds, wills, written contracts, or other writings constituting a contract or status or legal relation affected by a statute, municipal ordinance, contract, or franchise. This statute does not empower the court to give directions.

The only controverted questions in this case are whether or not the county treasurer under the facts admitted and stipulated has jurisdiction to make a valid sale on February 1, 1933, and whether or not the respondent Mueller is entitled to a refund on account of moneys paid on a sale already made. The Declaratory Judgments Act—sec. 269.56 (11)— provides that no declaration made shall prejudice the right of persons not parties to the proceeding. The judgment of this court must be in accordance with the statute.

*By the Court.*—It is declared and adjudged: (1) that upon the facts appearing in the record, by admission and stipulation, the county treasurer of Milwaukee county has power on the 1st day of February, 1933, to make a valid tax sale, the law in other respects being complied with; (2) that nothing appears which shows the sale made to the respondent Mueller to be invalid and he is therefore not entitled to a refund.