## Will of Kootz: Kootz, Executor, Appellant, vs. Tax Commission, Respondent.

*May 18—June 21, 1938.*

*Ernst von Briesen* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, N. S. Boardman* and *Harold H. Persons,* assistant attorneys general, attorneys, and *Neil Conway,* inheritance tax counsel, of counsel, and oral argument by *Mr. Boardman* and *Mr. Conway.*

Briefs *amici curiæ* were filed by *Lines, Spooner & Quarles,* by *Miller, Mack & Fairchild,* and by *Corrigan, Backus, Sullivan & Backus,* all of Milwaukee.

WICKHEM, J. The facts in this case are not in dispute. William Kootz died on March 23, 1933, and left a gross estate for tax purposes of $908,501.01. The amount of federal taxes paid was $31,064.78, and it is the claim of the executor that this sum should be deducted from the estate before computing the state inheritance tax. The question whether the state inheritance tax law contemplates deduction of federal estate taxes before computing the state inheritance tax was deliberately and considerately answered in the negative in *Estate of Week,* 169 Wis. 316, 172 N. W. 732. It is not contended by appellant that there is any possibility of so construing the doctrine of the *Week Case* as to permit a deduction in this case, and the sole contention is that the doctrine of the *Week Case* is erroneous and should be overruled.

It is the contention of appellant that the rule stated in the *Week Case* is patently erroneous; that it does not lay down a rule of property; and that it should be abandoned. The basis for appellant's contention may be summarized as follows: The federal estate tax is levied upon the whole estate before any distribution can be had and constitutes a tax upon the right to transfer by will or operation of law. On the other hand, the state does not levy a tax upon the estate as a whole, but a separate and distinct tax on distribution upon each heir, distributee, or testamentary beneficiary because of what passes to him. The state tax is upon the right to receive and is measured by what is actually received by each beneficiary, and deduction of the federal tax is essential for the reason that, having been levied upon the whole estate, the amount actually received by or transferred to a particular

beneficiary is diminished by the amount of this tax. It is contended that the opinion in the *Week Case* erroneously seeks for deductions in the Wisconsin inheritance tax itself, overlooking the fact that this statute merely taxes transfers, leaving to the general statutes on administration of estates ascertainment of what passes by descent, distribution, bequest, or devise as well as the regulation of deductions and other matters of administration. Turning to the general statutes of administration, appellant contends that express provision is there made for proof and payment of funeral expenses, expenses of the last illness, debts having a preference under the laws of the United States or laws of the state of Wisconsin, wages, and other debts, and for the payment of these debts before anything is distributed to the heirs, devisees, or legatees. Sec. 318.06, Stats. It is claimed that debts due the United States as used in sec. 313.16 (1) (c) have been held by the United States supreme court to include taxes due the United States. *Price v. United States,* 269 U. S. 492, 46 Sup. Ct. 180, 70 L. Ed. 373. It is further contended that the construction in the *Week Case* is essentially in conflict with numerous other cases by this court in which it has been held that the Wisconsin inheritance law is a tax upon the right to receive a transfer; an inheritance tax rather than an estate tax. *Black v. State,* 113 Wis. 205, 89 N. W. 522; *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627; *Estate of Shepard,* 184 Wis. 88, 197 N. W. 344; *Estate of Bullen,* 143 Wis. 512, 128 N. W. 109; *Will of Kelly,* 187 Wis. 422, 204 N. W. 475; *Estate of Levalley,* 191 Wis. 356, 210 N. W. 941; and *Estate of Stephenson,* 171 Wis. 452, 177 N. W. 579. It is contended that the holding in these cases is contrary to the *Week Case* because if the Wisconsin inheritance tax law constitutes a succession tax it must necessarily be limited to the amount actually received by succession, and that deduction of all expenses and taxes required to be paid before distribution must be made

in order to determine it. It is asserted that the decision discloses the weakness of its reasoning by the concession that its logic would result in refusing any deductions whatever for expenses of administration and other debts and its justification of these deductions by reason of custom and usage in administration.

The first question to be determined is whether the decision in the *Week Case,* which has stood for nineteen years, should now be reconsidered upon its merits. Concededly, no attempt has been made to revise the statutes in such a manner as to overrule it. This court held in *Union F. H. S. Dist. v. Union F. H. S. Dist.* 216 Wis. 102, 106, 256 N. W. 788, with respect to legislative acquiescence in rulings of the attorney general on a subject of considerably less notoriety and importance that:

"Since that time two legislatures have come and gone without amending the law; this they would in all probability have done if they had deemed the opinion of the attorney general unsound. . . ."

In *Eau Claire National Bank v. Benson,* 106 Wis. 624, 627, 82 N. W. 604, the court said:

"Courts are not responsible for the law. It is their province to declare and apply it and to construe statutes and constitutions in accordance with the will of the lawmaking power, where construction becomes necessary. When such construction has once been given to a law and finally established as a part thereof, it is as much a part of it as if embodied therein in plain and unmistakable language. *State ex rel. Heiden v. Ryan,* 99 Wis. 123. When that situation exists it is the province of the legislature alone to change the law. The court should not attempt it, whatever may be the notions of judges as to what the law ought to be. . . ."

In *Milwaukee County v. City of Milwaukee,* 210 Wis. 336, 341, 342, 246 N. W. 447, the court said in part:

"A decision construing a statute becomes an integral part of the statute itself. *Gulf, C. & S. F. R. Co.* v. *Mose,* 275

U. S. 133, 48 Sup. Ct. 49. When a statute has been once construed by the court, it remains as construed until it is amended by the legislature or the construction given is modified or changed by the court. The statute under consideration has never been amended by the legislature since it was construed by the court, nor has the court ever in any way modified or limited the construction given. Thus, when the county treasurer adopted the practice stated, the practice was authorized by the statute, and his proposed practice is authorized by the statute. The legislature by not amending the statute has accepted the statute with the court's construction incorporated therein. *Manley v. Mayer,* 68 Kan. 377, 379, 380, 75 Pac. 550. Assuming that the court has power to modify or limit its former construction, and thus, in effect, amend the statute, we consider that if a change in the statute should be made the change should be made by the legislature by amendment of the statute rather than by the court's overruling the construction heretofore given. . . ."

See also *Morris v. Sampsell,* 224 Wis. 560, 272 N. W. 53.

While it is contended by appellant that the *Week Case* did not establish a rule of property, that appears to be contrary to the holding in *Mariner v. Oconto Land Co.* 142 Wis. 531, 126 N. W. 34. The fact that the ruling in the *Week Case* has been the basis for action by public officers for nineteen years is a very strong factor in favor of not departing from it. In *Milwaukee County v. City of Milwaukee, supra,* it was said (p. 342) :

"Public officers had a right to rely upon the interpretation placed upon the statute by the court and acquiesced in by the legislature. Assuming that the court has the power to reverse its former ruling, it should not exercise it under the circumstances because it would unsettle governmental transactions now in process of being carried out entered upon in reliance upon it. . . ."

Furthermore, the subject cannot have escaped the attention of the legislature during these years of financial difficulty, when unusually careful planning has been necessary to

meet increased expenditures of the state and all sources of revenue have been industriously canvassed. It must be supposed that the legislature took into account the ruling in the *Week Case* and not only acquiesced in but relied upon the construction put upon the law in making its general fiscal plans. We think that the rule in the *Week Case* should not be departed from by this court. It constituted a deliberate and well-considered construction of the statute, and the subject being one to which the attention of the legislature is frequently drawn by the necessities of government, we cannot believe that the rule would have escaped modification by the legislature had it been considered to misconstrue the statute.

The contention that the *Black, Shepard, Bullen,* and other cases heretofore cited, which hold the Wisconsin inheritance tax to be a tax upon the right to receive a transfer, are necessarily contrary to the *Week Case* cannot be sustained. This is founded upon the proposition that in the nature of things a succession tax must take into account all sums lawfully deducted from a particular share before distribution. This does not follow unless it is assumed that the state has no power to levy a succession tax as of the time of death. The question is as to the legislative intent in enacting the inheritance tax law and has nothing to do with the power of the legislature to allow or disallow the deduction. None of these cases were addressed to this question, and while the nature of the succession tax may legitimately be argued as bearing upon legislative intent, it does not inevitably disclose it, and the cases cannot be regarded as contrary to the *Week Case.*

While this view makes it unnecessary to consider as an original proposition the merits of the decision in the *Week Case,* we deem it proper to suggest, in spite of able arguments to the contrary, that it is by no means certain that the

decision erroneously construed the statute. Appellant's argument rests upon the assumption that in the nature of things an inheritance or succession tax can only be levied upon the net amount received by a beneficiary. This may well be argued to exalt the mechanics of the situation. The federal tax is an estate tax upon the whole estate. Therefore, the argument is that the whole estate is diminished, and, being diminished, that fact must be taken into account when any tax levied upon the right of the beneficiary to receive it is sought to be enforced. The jurisdiction of both the federal and state authorities to levy taxes arises upon the death of the person whose estate or beneficiaries are taxed. In *Frick v. Pennsylvania,* 268 U. S. 472, 498, 45 Sup. Ct. 603, 69 L. Ed. 1058, the court said:

"While the federal tax is called an estate tax and the state tax is called a transfer tax, both are imposed as excises on the transfer of property from a decedent and both take effect at the instant of transfer."

This seems to be entirely in accord with the *Week Case.* There is no inexorable logic which compels the conclusion that the state must allow this deduction rather than the federal government, and if it need not do so, there is room for a reasonable contention that the legislature, in the absence of express provisions for the deduction, did not intend the state tax to be diminished by the federal levy.

The argument that the court overlooked the general administration statutes, and that the deductions applicable before the Wisconsin inheritance tax is determined should not be sought in the inheritance tax law itself but in the general law applicable to administration of estates is challenging but not conclusive. No jurisdiction so far as we can discover has interpreted such statutes otherwise than by their own provisions, and we see no reason why this court necessarily should have done so.

It is suggested that many inequalities arise from application of the doctrine of the *Week Case*. For example, a man with ten sons and $1,000,000 leaves $100,000 to each of nine sons and the residuary estate to the tenth. It is claimed that under the doctrine of the *Week Case* the result will be that the residuary beneficiary will pay the federal tax, get nothing under the will, and still be liable for a state tax. Assuming that the residuary legatee may not renounce the legacy and avoid the tax, there are two answers to the contention: (1) The inequities, if there be such, are created by the operation of the federal law and not by the state law. (2) The testator has it within his power by proper provisions in his will to make the federal tax a charge upon all of the legacies rather than upon the residuary bequest. While in some of its aspects appellant's attack upon the *Week Case* is quite impressive, the fact remains that while some twenty-four states allow the deduction either by express statutory provisions or judicial construction, eighteen states appear to have refused the deduction by one process or the other. The state of the authorities is, of course, not conclusive, but it does show that there is a sharp difference of opinion on the subject and that the matter falls within the realm of reasonable debate. We see no basis for concluding that the *Week Case* is so patently erroneous that it should be overruled after nineteen years of legislative acquiescence.

Several briefs *amicus curiæ* have been filed in this case. In two of these briefs it is contended that, if the Wisconsin act be construed and administered as it was in the *Week Case*, it is unconstitutional as denying due process and equal protection of the laws in violation of both the federal and state constitutions. We do not consider this contention for the reason that *amicus curiæ* have no standing upon this appeal to raise a constitutional question when none is raised by the parties to the appeal. We discover no assignment of

error in appellant's brief raising a constitutional question. This being true, we are not in a position to consider the question upon a mere suggestion in the brief by *amicus curiæ*. One may not urge the unconstitutionality of a statute upon a point not affecting his rights in the case under consideration. *Anderson v. State,* 221 Wis. 78, 265 N. W. 210. See also *Strange v. Oconto Land Co.* 136 Wis. 516, 117 N. W. 1023; *Juneau v. Tax Comm.* 184 Wis. 485, 199 N. W. 63; *Milwaukee v. Rissling,* 184 Wis. 517, 199 N. W. 61; *Booth Fisheries Co. v. Industrial Comm.* 185 Wis. 127, 200 N. W. 775.

*By the Court.*—Order affirmed.