INDEPENDENCE INDEMNITY COMPANY, Appellant, vs. IN-
DUSTRIAL COMMISSION and another, Respondents.

*September 13—October 11, 1932.*

For the appellant there was a brief by *Drought & Drought*
of Milwaukee, and oral argument by *Ralph J. Drought.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

NELSON, J. The facts in this case are not in dispute. They present a rather unique situation which gives rise to a question which heretofore has not been presented to this court or, so far as we can discover, to any court.

Minnie Boss, a widow, engaged in operating a farm, carried workmen's compensation insurance. Her son, Christian Boss, a single man, was employed by her at a monthly wage of about $55 and room and board. On January 21, 1931, he was struck on the head by a falling limb which resulted in his death on the same day. It was stipulated between the parties that at the time of the fatal accident Minnie Boss was subject to the workmen's compensation act; that Christian Boss was in her employ; that he was fatally injured while in the course of his employment, and that there was no estrangement between Minnie Boss, the surviving parent, and Christian Boss, her son, at the time of his injury and death. At the time of the accident her compensation risk was carried by the plaintiff herein.

On or about the 23d day of March, 1931, Minnie Boss made application to the Industrial Commission in which she named herself as employer, the plaintiff as insurance carrier, and in which she prayed that the respondent be required to answer the charges therein, and that an order or award be made by the commission granting such relief as the applicant may be entitled to in the premises. Both the company and Minnie Boss made separate answers as respondents in which the facts stated in the application were admitted. The plaintiff, however, set forth the following defense to the claim made against it and Minnie Boss, the insured employer:

"1. That the applicant and respondent employer is one and the same person, and as such cannot be liable to herself

or herself recover any compensation or damages, nor herself in anywise benefit by reason of the statutory liability imposed upon her by the workmen's compensation act for the injury and death of this deceased employee.

"2. That the policy of the respondent, Independence Indemnity Company, issued to the respondent employer insures solely and only the liability of said employer, and that no liability exists on its part in the absence of enforceable liability on the part of applicant and employer herself."

The commission, after hearing, found the facts as stated and concluded: "that the defense raised by the insurance carrier does not apply under the provisions of the compensation law, and in view of the circumstances existing at the time of the injury and death of the deceased, we find that the insurance carrier is liable to the applicant for death benefit in the sum of $1,200, and to reimburse her to the extent of $200 for funeral expense." No conclusion of law as to the liability of Minnie Boss, as employer, was made by the commission. The commission, however, made its award and ordered the plaintiff to pay to Minnie Boss for death benefit the sum of $1,200 and $200 funeral benefit. No question is raised as to the funeral benefit, or as to plaintiff's liability to pay for any services performed by physicians or nurses.

The sole questions for determination may be stated as follows: (1) May the Industrial Commission make an award directly against an insurance carrier without finding liability of the employer? (2) May the Industrial Commission award compensation to a surviving unestranged parent against herself as employer?

The plaintiff contends that the finding of the commission as to its liability is a mere conclusion of law and therefore not binding upon this court, as has been repeatedly held; that in the absence of a finding of liability of the employer, no award against the insurance carrier can be sustained; that Minnie Boss, as dependent, cannot recover from her-

self as employer, and that, in the absence of liability on the part of the employer, there can be no liability on the part of the insurance carrier.

The commission, on the other hand, contends that it makes no difference that the dependent is also the employer; that the insurance carrier is liable to the dependent even though the dependent was the employer; and that in any event the insurance carrier should be held liable on grounds of estoppel because it accepted premiums calculated on the basis of wages paid to the employees of Minnie Boss, including those paid to her son Christian.

A careful consideration of the workmen's compensation act necessitates the conclusion that the fundamental purpose of the act is to provide compensation for one who is accidentally injured while in the employ of another who, at the time, is subject to the act (*Columbia Casualty Co. v. Industrial Comm.* 200 Wis. 8, 10, 227 N. W. 292), and that the insurance provisions of the act were enacted for the purpose of guaranteeing payment of compensation to the injured employee in accordance with the terms of the act (*Maryland Casualty Co. v. Industrial Comm.* 198 Wis. 202, 209, 221 N. W. 747, 223 N. W. 444).

A careful study of the act, ch. 102, Stats. 1929, clearly reveals that the liability of the employer to the employee, or dependent, is the primary liability, although in case of liability the injured employee or dependent is permitted by law to proceed either against the employer or the insurance carrier (sec. 102.30) ; that it is the liability of the employer which must be assumed by the insurance carrier, and that no liability exists on the part of the carrier in the absence of liability on the part of the insured employer. A consideration of the following sections of the act relating to the liability of the employer, as well as the liability of the insurance carrier, quoted in part and italicised for emphasis,

permits of no other conclusion. Sec. 102.03 specifies the conditions of liability. Sec. 102.28 provides as follows:

Sub. (2). *"An employer liable under this act* to pay compensation shall insure payment of such compensation in some company authorized to insure *such liability* in this state. . . ."

Sub. (4). "If it appears by the complaint or by the affidavit of any person in behalf of the state that the *employer's liability continues uninsured* there shall forthwith be served on the employer an order to show cause," etc.

Sub. (5). "If compensation is awarded . . . against any employer who at the time of the accident has not complied with the provisions of said subsection (2) of this section, such employer shall not be entitled as to such award or in a judgment entered thereon, to any exemptions from seizure and sale on execution allowed in sections 272.18 to 272.22."

Sec. 102.30 provides as follows:

"(1) Nothing in sections 102.03 to 102.34, inclusive, shall affect the organization of any mutual or other insurance company, or any existing contract for *insurance of employers' liability,* nor the right of the employer to insure in mutual or other companies, *against such liability, or against the liability for the compensation* provided for by sections 102.03 to 102.34, inclusive, or to provide by mutual or other insurance, or by arrangement with his employees, or otherwise, for the payment of such employees, their families, dependents or representatives, of sick, accident or death benefits in addition to the compensation provided for by sections 102.03 to 102.34, inclusive. But liability for compensation under sections 102.03 to 102.34, inclusive, shall not be reduced or affected by any insurance, contribution or other benefit whatsoever, due to or received by the person entitled to such compensation, and the person so entitled shall, irrespective of any insurance or other contract, have the right to recover the same directly from the employer; and in addition thereto, the right to enforce in his own name, in the manner provided in sections 102.03 to 102.34,

inclusive, the liability of any insurance company which may have insured the liability for such compensation. . . ."

Sec. 102.31 provides as follows:

"(1) Every contract for the insurance of the compensation herein provided for, or against liability therefor, shall be deemed to be made subject to the provisions of sections 102.03 to 102.34, inclusive, and provisions thereof inconsistent with sections 102.03 to 102.34, inclusive, shall be void. Such contract shall be construed to grant full *coverage of all liability of the assured* under and according to the provisions of sections 102.03 to 102.34, inclusive, notwithstanding any agreement of the parties to the contrary unless the industrial commission has theretofore by written order specifically consented to the issuance of a contract of insurance on a part of such liability. . . ."

It is our conclusion from a careful consideration of the act, that in the absence of liability on the part of an employer to an employee or dependent there can be no liability of an insurance carrier. If this were not true, situations would arise where the liability of the insurance carrier would be greater than that of the insured employer, or where there would be liability of the insurance carrier, which assumed the compensation risk of the employer, with no liability on the part of the insured. Were a compensation insurance carrier to be held liable where no liability exists on the part of the employer, the policy would, in effect, be simply an accident or life insurance policy. There is nothing in the act to suggest that such a result was ever intended by the legislature or that such a risk shall be assumed by a compensation carrier. As was said in *Newman v. Industrial Comm.* 203 Wis. 358, 360, 234 N. W. 495: "It was never intended to make the workmen's compensation law an accident insurance or health insurance measure." It may, with equal logic, be said that it was never intended to make the law a life insurance measure.

To permit Minnie Boss to recover from the company when she cannot recover from herself or when she owes no duty to pay to herself the amount of the death benefit, would, to all intents and purposes, make the compensation policy an accident or life policy payable to her upon the death of her son.

It is clear that if Minnie Boss, as employer, had not insured her compensation liability, or if she had been exempted by the commission from insuring her liability for compensation, pursuant to the provisions of sec. 102.28 (2), she could not recover from herself. No fiction of the law can be suggested which would authorize such a useless proceeding as permitting one to recover from one's self. The fact that she was insured does not change her compensation liability which, for the purposes hereinbefore stated, was required to be carried by the insurance carrier.

We conclude that, since there was no liability on the part of Minnie Boss as employer to pay to herself as dependent the death benefit, there can be no liability of her insurance carrier.

The argument that the company should be held to be estopped because it collected premiums based on the wages paid to Christian as well as to the other employees does not impress us greatly. No suggestion is made that Minnie Boss was misled to her prejudice by any conduct of the company, by any statement made, or that she was induced to do anything which she would not have done, or that she failed to do anything to her harm which she would have done had she been told that the insurance covered only her liability as employer. While it was suggested by this court in *Columbia Casualty Co. v. Industrial Comm., supra,* that the plaintiff therein should be estopped from claiming that the injured employee was not entitled to compensation because of the peculiar factual situation involved in that case,

we do not see how estoppel can be invoked here to prevent the defense interposed.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment vacating and setting aside the award of the Industrial Commission.