CANDLER and wife, Appellants, v. HARDWARE DEALERS MUTUAL INSURANCE COMPANY and another, Respondent.

*No. 292. Argued January 3, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 659.)

For the appellants the cause was submitted on the brief of *Ames, Riordan, Crivello & Sullivan*, attorneys, and *John H. Ames* of counsel, all of Milwaukee.

For the respondents there was a brief by *Borgelt, Powell, Peterson & Frauen*, attorneys, and *Frank A. Scherkenbach* of counsel, all of Milwaukee, and oral argument by *Clayton R. Hahn* of Milwaukee.

CONNOR T. HANSEN, J.    Alfred Pipke was a partner in a firm doing business as Pipke & Sons. Plaintiff, Willie Lee Candler, an employee of the partnership, was injured during the course of his employment. Candler

received workmen's compensation. Hardware Mutual had contracted for liability insurance for the Pipke & Sons partnership. Candler commenced this action to recover damages which he is alleged to have sustained as a result of the negligence of Alfred Pipke. The action was brought against Pipke pursuant to the provisions of sec. 102.29 (1), Stats., which provides, in part:

". . . (1) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, his personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; . . ."

The parties stipulated to the facts upon which the trial court based its judgment. Those facts which we consider determinative of the dispositive issue of this case have been hereinbefore summarily set forth.

The issue which disposes of this appeal is whether a member of a partnership is an employer of the employees of the partnership or a co-employee for purposes of suits against third parties under the Workmen's Compensation Act.[1]

Under the Uniform Partnership Act, as adopted in Wisconsin,[2] the concepts of the entity and aggregate theories of partnership are commingled.[3] Although a partnership has some status as an independent entity, it is limited and incomplete. In this state the Uniform

---

[1] An action may be maintained against a coemployee as a "3rd party," pursuant to sec. 102.29 (1), Stats. *Zimmerman v. Wisconsin Electric Power Co.* (1968), 38 Wis. 2d 626, 630, 157 N. W. 2d 648.

[2] Ch. 178, Wisconsin statutes.

[3] *McDonald v. Aetna Casualty & Surety Co.* (1970), 47 Wis. 2d 235, 237, 177 N. W. 2d 101; Peck, *Partnerships—The Nature of the Partnership before the Law*, 37 Marq. Law Rev. (1953), 66; *see also:* 59 Am. Jur. 2d, *Partnership*, pp. 932, 933, sec. 7.

Partnership Act is founded on the aggregate theory as to such matters as substantive rights, liabilities and duties. Whatever recognition is given to the entity theory under the partnership act relates to procedural and conveyancing purposes. *Thomas v. Industrial Comm.* (1943), 243 Wis. 231, 10 N. W. 2d 206. All partners are co-owners of the business and have equal rights in the management and conduct of the partnership business under the provisions of the Uniform Partnership Act.[4] We find no incident of the employer-employee relationship lacking, and under the partnership act members of the partnership are, therefore, the employers of the employees of the partnership.

This court has had the opportunity to examine the nature of the partnership under the Workmen's Compensation Act in *Thomas, supra,* and *Kalson v. Industrial Comm.* (1946), 248 Wis. 393, 21 N. W. 2d 644.

In *Thomas, supra,* the plaintiffs, husband and wife, operated a business as a partnership. This court, in applying the aggregate theory, held that the plaintiffs, as members of the partnership, were the employers of their son, an employee of the partnership killed as a result of work-related injuries, and, therefore, could not claim compensation as dependents under workmen's compensation law. In *Thomas, supra,* this court stated at page 239:

". . . There has been some effort to escape this by arguing that the partnership should be treated as an entity, but it is well established that the Uniform Partnership Act is founded upon the aggregate, and not on the entity theory so far as all substantive rights, liabilities, and duties are concerned. What recognition is given to the entity theory in the partnership act is solely for procedural or conveyancing purposes and this comment is applicable to references in the Workmen's Compensation Act to partners."

---

[4] Secs. 178.03 (1) and 178.15 (5), Stats.

Subsequent to the *Thomas* decision, and in 1945, the legislature enacted sec. 102.51 (7), Stats.,[5] which provides:

"... In proceedings for the collection of primary death benefit or burial expense it shall not be a defense that the applicant, either individually or as a partner, was an employer of the deceased."

Therefore, the legislature, by the enactment of sec. 102.51 (7), has further emphasized the fact that unless specifically provided by law a member of a partnership, for all substantive rights, liabilities and duties, is an employer of the employees of the partnership.

Plaintiffs rely heavily upon the language of this court in *Kalson v. Industrial Comm., supra.* We are of the opinion that *Kalson* does not support the position of the plaintiffs. In *Kalson, supra,* the employer, Buehler—as an individual, operated a milk business which employed two boys. This was not a sufficient number of employees to subject Buehler's milk business to the existing provisions of the Workmen's Compensation Act. One of the boys employed in the milk business was injured in the course of his employment. Buehler was also a partner in a grocery business which did have a sufficient number of employees to make the grocery business subject to the provisions of the Workmen's Compensation Act. The claimant argued that the employees of both the partnership (grocery business) and the milk business, were Buehler's employees and, therefore, the employees in the milk business operated by him as an individual should be included under the Workmen's Compensation Act. This court held that for the purposes of workmen's compensation under the 1945 laws, the partnership of which Buehler was a member should be considered as a separate entity from that of his individual business.

[5] Laws of 1945, ch. 537.

In *Kalson, supra,* this court was concerned with the relationship between the employees of Buehler's individual business interests and the employees of the partnership in which Buehler was a member. In the instant case, the issue concerns the substantive rights, liabilities and duties within the partnership and between a partner and employee thereof. Both the *Thomas Case* and the *Kalson Case* recognize that where the substantive rights, liabilities and duties within a partnership are concerned, under the Workmen's Compensation Act, it is the legislature's intent that the aggregate theory of partnership law is to be applied.

In examining authorities from other jurisdictions, we observe some that have adopted the entity theory of partnership.[6] Wisconsin has not done so. The provisions of ch. 102, Stats., demonstrate such an interpretation. As previously discussed, sec. 102.51 (7), envisions a partner as the employer. In addition, sec. 102.04 (2), provides, in part: "Members of partnerships shall not be counted as employes. . . ."

It has generally been held that a working partner may not obtain compensation benefits from the partnership by resorting to the entity theory, in that the partner, if considered an employee, would also be an employer, thereby creating the contradiction of being liable to himself.[7]

Where it has been the legislative intent to apply the entity theory, under the Act, it has specifically done so. Sec. 102.31 (1) (b), Stats., provides that the contracts of workmen's compensation insurers shall be construed according to the entity theory.[8]

---

[6] *Gleason v. Sing* (1941), 210 Minn. 253, 297 N. W. 720.

[7] 1A Larson, *Law of Workmen's Compensation,* p. 973, sec. 54.31. *See also: Schmidlkofer v. Industrial Comm.* (1953), 265 Wis. 535, 61 N. W. 2d 862.

[8] Sec. 102.31 (1) (b), Stats., provides:

"(b) If the insured is a partnership, such contract of insurance shall not be construed to grant coverage of the individual liability

Generally, a "3rd party," against whom an action is authorized under the workmen's compensation law, is a person on whom no liability could be entailed under the Act.[9]

Pipke, as a member of the partnership, was an employer of Candler. The employee recovered workmen's compensation benefits from his employer and, therefore, under sec. 102.03 (2), Stats., Pipke as one of his employers is not subject to further "3rd party" liability.

Summary judgment is a drastic remedy, but where there is no issue of fact that should be tried or where there is an issue of law that can be determined so as to conclude the case, summary judgment should be used. *Olston v. Hallock* (1972), 55 Wis. 2d 687, 201 N. W. 2d 35. The trial court, having determined the controlling issue of law, properly granted defendants' motion for summary judgment.

*By the Court.*—Judgment affirmed.

of the members of such partnership in the course of a trade, business, profession or occupation conducted by them as individuals, nor shall a contract of insurance procured to cover individual liability be construed to grant coverage of a partnership of which the individual is a member, nor to grant coverage of the liability of the individual arising as a member of any partnership."

[9] 101 C. J. S., *Workmen's Compensation*, p. 467, sec. 985.