**Daniel WIERZBINSKI by Chester Wierzbinski, his father and next friend, Plaintiff,**

v.

**The CELINA MUTUAL INSURANCE COMPANY and Lochner Manufacturing Co., Defendants.**

**No. 76–C–5.**

United States District Court, E. D. Wisconsin.

July 16, 1976.

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

Kluwin, Dunphy, Hankin & McNulty, by John A. Kluwin, Milwaukee, Wis., for defendants.

MYRON L. GORDON, District Judge.

### DECISION and ORDER

Both defendants have moved to dismiss the action and to quash the service of the summons. Daniel Wierzbinski was employed by the Wisconsin Upholstery Company. He alleges that in the course of his duties he operated a filler and picking machine and because of its negligent manufacture and design, the machine caused him personal injury, including the loss of his right arm to the elbow.

The defendants have contended that there was improper service upon them. However, in a responsive brief, the plaintiff has pointed out that the question of improper service has been mooted by corrected service. The defendants have filed a reply brief but did not contradict the plaintiff's contention in this regard.

Although the complaint, in paragraph 3, alleges that Lochner Manufacturing Company is a corporation, it is clear from the balance of the record in this case that Lochner was and now is a partnership. In his brief, the plaintiff observes that Lochner was originally operated by Peter and David Lochner as co-partners, starting in 1941. It was in that year that the machine in question was manufactured. Peter Lochner died in 1959, and his children Ellis Lochner and Hubert Lochner, who had previously been employed by the company, became partners with their uncle, David Lochner, who died in 1968.

Peter's sons, Ellis and Hubert, operated the company as a partnership after 1968 and have continued to do so to the present. The plaintiff urges that the business life of the company continued uninterruptedly

from 1941 until now. The plaintiff points out that there has never been any winding up of the affairs of Lochner Manufacturing Company upon the death of a partner. Accordingly, it is urged that the present partnership is answerable in tort for the negligence that occurred in 1941.

The defendant Lochner Manufacturing Company, through one of its co-partners, Hubert Lochner, has averred that the machine in question was manufactured on or before August 8, 1941, and that he and Ellis Lochner have been engaged in the operation of the present co-partnership since 1968. Ellis Lochner has submitted a comparable affidavit. In order to impose liability upon Lochner Manufacturing Company, the court would have to find that the present co-partnership is responsible for the torts of the previous co-partnership.

I find no authority to sustain the plaintiff's position. While it is arguable that contract claims could be enforced against a successor partnership when the business of the company is continued without liquidation, I find no support for the suggestion that the same is true of claims for tortious liability. As pointed out by the defendants, the plaintiff's theory of continuing liability on the part of Hubert Lochner and Ellis Lochner would have to stem from an "entity" concept of partnership. The latter concept has not been broadly adopted. For example in *Candler v. Hardware Dealers Mut. Ins. Co.*, 57 Wis.2d 85, 87, 203 N.W.2d 659, 660 (1973), the court said:

> "Under the Uniform Partnership Act, as adopted in Wisconsin, the concepts of the entity and aggregate theories of partnership are commingled. Although a partnership has some status as an independent entity, it is limited and incomplete. In this state the Uniform Partnership Act is founded on the aggregate theory as to such matters as substantive rights, liabilities and duties. Whatever recognition is given to the entity theory under the partnership act relates to procedural and conveyancing purposes. *Thomas v. Industrial Comm.* (1943), 243 Wis. 231, 10 N.W.2d 206."

I conclude that Lochner Manufacturing Company's motion to dismiss, treated pursuant to Rule 12(c), Federal Rules of Civil Procedure, as a motion for summary judgment, should be granted since as a matter of law, the partnership sued in this action is not liable to the plaintiff. It follows that the partnership's insurer is not legally liable for acts committed by a previous partnership in 1941.

Therefore, IT IS ORDERED that the defendants' motions to dismiss, treated as motions for summary judgment, be and hereby are granted.

IT IS ALSO ORDERED that the plaintiff's action be and hereby is dismissed.