**MEDICAL DESIGNS, INC., Appellant,**

v.

**SHANNON, GRACEY, RATLIFF & MILLER, L.L.P., Appellee.**

No. 2–95–186–CV.

Court of Appeals of Texas,
Fort Worth.

April 25, 1996.

Rehearing Overruled June 20, 1996.

Brian S. Riepen, Dallas, for appellant.

Beale Dean, Lars L. Berg, Brown, Herman, Scott, Dean & Miles, L.L.P., Fort Worth, for appellee.

Before RICHARDS, BRIGHAM and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

On the advice of its general counsel, MDI in 1985 hired the law firm Shannon, Gracey, Ratliff & Miller to prosecute a lawsuit against a competitor. In 1989, this court reversed a $4+ million award to MDI in an unpublished opinion. In 1991, MDI filed suit asserting claims for legal malpractice and DTPA violations. One of the named defendants, Appellee Shannon, Gracey, Ratliff & Miller, L.L.P., moved for summary judgment, won, and was severed from MDI's suit. MDI appeals the summary judgment, arguing that at least a fact question exists as to whether Shannon, Gracey, Ratliff & Miller, L.L.P. is a successor law firm to the Shannon, Gracey, Ratliff & Miller law firm that handled its 1985 lawsuit. Because Texas law does not support MDI's theory of successor liability, we affirm the trial court's summary judgment.

### Parties to MDI's Malpractice Lawsuit

The style of MDI's 1991 petition named these defendants:

- "CARTER HAMPTON, ESQ."
- "STAPLES, FOSTER & HAMPTON"
- "E. ALLEN TAYLOR, JR., ESQ."
- "SHANNON, GRACEY, RATLIFF & MILLER (and Reynolds, Shannon, Miller, Blinn, White & Cook and Shannon, Gracey, Ratliff & Miller)"

Carter Hampton, Esq. and Staples, Foster & Hampton were at one time MDI's general corporate counsel. E. Allen Taylor, Esq., then an associate at Shannon, Gracey, Ratliff & Miller, handled MDI's 1985 lawsuit. MDI's petition stated:

> Shannon, Gracey, Ratliff & Miller is a Texas partnership. Shannon, Gracey was previously known as Reynolds, Shannon, Miller, Blinn, White & Cook, and, prior to that, was known by its present name. This suit is against Shannon, Gracey in its present form, as well as against all predecessors of Shannon, Gracey in its present form, including, *inter alia,* Reynolds, Shannon, Miller, Blinn, White & Cook, and the earlier Shannon, Gracey, Ratliff & Miller. Shannon, Gracey may be served with

process by serving its partner Reuben H. Wallace, Jr. at 2200 First City Bank Tower, 201 Main Street, Fort Worth, Texas 76102–9990.

R.H. Wallace, Jr. timely filed a verified answer stating:

> Now comes SHANNON, GRACEY, RATLIFF & MILLER, a Texas general partnership formed June 1, 1988, Defendant herein, and files this original answer herein, and would respectfully show the Court the following:

### I.

[general denial]

### II.

> Defendant denies that it is liable in the capacity in which it is sued, i.e., as the alleged successor of Reynolds Shannon Miller Blinn White & Cook, or a prior partnership named Shannon, Gracey, Ratliff & Miller.

### III.

> Defendant denies that it was previously known as Reynolds Shannon Miller Blinn White & Cook and further denies that the Defendant is the same partnership that was previously known as Shannon, Gracey, Ratliff & Miller.

In subsequent answers to MDI's interrogatories, the answering defendant further described itself as "SHANNON, GRACEY, RATLIFF & MILLER, L.L.P., a general partnership formed June 1, 1988, and registered as a Limited Liability Partnership effective August 28, 1991, one of the defendants herein." By 1993, MDI had amended its petition:

> At all relevant times, Shannon, Gracey, Ratliff & Miller was a Texas partnership. Shannon, Gracey was previously known as Reynolds, Shannon, Miller, Blinn, White & Cook, and prior to that, was known by the name of Shannon, Gracey, Ratliff & Miller. Shannon, Gracey is currently a limited liability partnership. This suit is against Shannon, Gracey in its present form *as a successor entity,* as well as against all pre-

decessors of Shannon, Gracey in its present form, including *inter alia*, Reynolds, Shannon, Miller, Blinn, White & Cook, and the prior partnerships of Shannon, Gracey, Ratliff & Miller. [Emphasis added.]

## Motion for Summary Judgment

Shannon, Gracey, Ratliff & Miller, L.L.P moved for summary judgment on MDI's DTPA and legal malpractice causes of action on grounds including that Shannon, Gracey, Ratliff & Miller, L.L.P. cannot be held liable to MDI based on a successor liability theory because:

- *The law does not recognize the theory of successor liability for the tortious acts of a previous partnership.*
- *Even if the law recognized such a theory of liability, it cannot apply here because:*

    (1) Reynolds, Shannon, Miller, Blinn, White & Cook is not a successor partnership to the prior law firm of Shannon, Gracey, Ratliff & Miller

    (2) Shannon, Gracey, Ratliff & Miller, L.L.P. is not a successor partnership to Reynolds, Shannon, Miller, Blinn, White & Cook

    (3) *Shannon, Gracey, Ratliff & Miller, L.L.P. is not a successor partnership to the prior law firm of Shannon, Gracey, Ratliff & Miller.*

The trial court did not specify on what basis it granted the summary judgment.

## MDI's Argument on Appeal

In point of error one, MDI argues that because at least a fact issue exists on whether Shannon, Gracey, Ratliff & Miller, L.L.P. is a successor law firm to the prior law firm of Shannon, Gracey, Ratliff & Miller, summary judgment was improper. We disagree. Even if Shannon, Gracey, Ratliff & Miller, L.L.P. *is* a successor partnership, Texas law does not recognize that it is liable for the tortious conduct of the prior law firm of Shannon, Gracey, Ratliff & Miller.

On August 28, 1991, the appellee registered as a limited liability partnership and became Shannon, Gracey, Ratliff & Miller, L.L.P. Tex.Rev.Civ.Stat.Ann. art. 6132b § 45-A (Vernon Supp.1996). But when MDI filed suit, Shannon, Gracey, Ratliff & Miller, L.L.P. was a general partnership governed by the Texas Uniform Partnership Act. Tex. Rev.Civ.Stat.Ann. art. 6132b § 6 (Vernon 1970) (partnership is an association of two or more persons to carry on as co-owners of a business for profit). Under the Act, the appellee Shannon, Gracey, Ratliff & Miller, L.L.P is liable for the malpractice of its lawyers. *See id.* § 13 (partnership liable for the wrongful act or omission of any partner acting in the ordinary course of business). MDI does not allege that any of Shannon, Gracey, Ratliff & Miller, L.L.P.'s lawyers committed the alleged malpractice.

In well-written briefs, MDI argues Shannon, Gracey, Ratliff & Miller, L.L.P. is liable in this case because (1) public policy supports imposing such liability because of the fiduciary nature of the attorney client relationship, and (2) successor partnerships assume the burdens of their predecessor's contracts as well as their benefits, the attorney-client relationship is contractual, and therefore Shannon, Gracey, Ratliff & Miller, L.L.P. has assumed the "burden" of liability for its predecessor's alleged malpractice.

We simply find no basis in law to impose such liability on Shannon, Gracey, Ratliff & Miller, L.L.P. *Accord Dalton v. Alston & Bird,* 741 F.Supp. 1322, 1336 (S.D.Ill.1990); *Wierzbinski v. Celina Mut. Ins. Co.,* 426 F.Supp. 27, 28 (E.D.Wis.1976); *Gillespie v. Seymour,* 19 Kan.App.2d 754, 876 P.2d 193, 201 (1994). MDI cites cases bearing on a successor entity's liability for *contractual obligations,* not tort liability. We do not find these cases persuasive. For example, assuming Shannon, Gracey, Ratliff & Miller, L.L.P. *was* a successor law firm, whether the new firm must fulfill an obligation created by contract with MDI by the prior firm is certainly a different question than whether the new firm must pay for tortious acts for which the old firm would allegedly have been responsible.

Also in point of error one, MDI alleges that at least a fact question exists on whether Shannon, Gracey, Ratliff & Miller, L.L.P. "is the same law firm" as the prior firm Shannon, Gracey, Ratliff & Miller. MDI alleges that because both partnerships rendered ser-

vices to MDI under the name "Shannon, Gracey, Ratliff & Miller" the partnership of the prior firm was not dissolved "with respect to MDI." We find, aside from the fact that this argument renders MDI's first point of error multifarious, that MDI waived this argument. Shannon, Gracey, Ratliff & Miller, L.L.P. asserted grounds for summary judgment that it never violated the DTPA or any duty to MDI. MDI did not challenge these grounds on appeal; therefore, any theory of MDI that seeks to hold Shannon, Gracey, Ratliff & Miller, L.L.P. *directly* liable has been waived.

Finding no basis for imputing the alleged tort liability to Shannon, Gracey, Ratliff & Miller, L.L.P., we find that, as a matter of law, MDI has no cause of action against the appellee. We also note that MDI is not without remedy: the dissolution of a partnership does not of itself discharge the existing liability of any partner. TEX.REV.CIV.STAT. ANN. art. 6132b § 36(1) (Vernon 1970). Point of error one is overruled.

In point of error two, MDI complains that the trial court erred in denying MDI's motion for leave to supplement the record and its motion for new trial based on newly discovered evidence of promotional material of Shannon, Gracey, Ratliff & Miller, L.L.P. that "implicitly hold the law firm out as a successor to or the same firm as" the prior Shannon, Gracey, Ratliff & Miller law firm. As we have found that *even if* Shannon, Gracey, Ratliff & Miller, L.L.P. *is* a successor law firm, Texas law does not recognize that successor partnerships are liable for the tortious conduct of predecessor partnerships, we also overrule point of error two.

For the reasons explained above, we affirm the trial court's judgment that MDI take nothing in its suit against Shannon, Gracey, Ratliff & Miller, L.L.P.